**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

Eastern District of Kentucky
FILED

JAN 08 2024

AT ASHLAND
Robert R. Carr
CLERK U.S. DISTRICT COURT

**CIVIL ACTION NO. 23-121-DLB**

**LEROY ALVIN HOUCHIN, II**                                       **PLAINTIFFS**
**and TABITHA BEARDEN**

**v.**               **MEMORANDUM OPINION AND ORDER**

**KEVIN WILLIAMS, ET AL.,**                                      **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

Leroy Houchin and Tabitha Bearden have filed two *pro se* civil rights complaint

pursuant to 42 U.S.C. § 1983.  (Doc. # 1; # 1-1).  Houchin and Bearden are listed as co-

plaintiffs in each complaint.  The factual allegations in both documents are largely the

same, but Houchin seeks essentially habeas corpus relief in the first and monetary

compensation in the second.  *See* (Doc. # 1 at 4; # 1-1 at 5).

The Court has granted Houchin's motion to proceed *in forma pauperis* by separate

Order.[1]  The Court must review the complaints prior to service of process, and dismiss

any claim that is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).  At this stage,

the Court accepts all non-conclusory factual allegations in the complaints as true and

---

[1] Bearden did not file her own motion to proceed *in forma pauperis*.  But having granted
Houchin *pauper* status and in light of the matters discussed below, the Court will disregard
the omission.

liberally construes its legal claims in the plaintiffs' favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Houchin indicates that he and Tabitha Bearden both reside in South Point, Ohio. (Doc. # 1 at 1). Houchin states that in December 2022, while he and Bearden were at a Walmart in Ashland, Kentucky, they called 911 "for help with a state ID to get Tabitha's money from Walmart." Houchin explains that Bearden is autistic, and became upset and began crying when Walmart would not accept the paper identification she offered to claim the money that her mother had sent to her for Christmas. When Officer Kevin Williams of the Ashland Police Department arrived, he was visibly unhappy that Houchin had called 911 for this purpose. Houchin states that he and Bearden later began leaving the store, but Williams arrested them nonetheless. Houchin continues that after he was taken to jail, unnamed officers at the Boyd County Detention Center would not give him his heart and blood pressure medications. Houchin names as defendants Officer Williams, Officer Brian Hannah, the Ashland Police Department, and the Boyd County Detention Center. He asserts claims of "discrimination," "intimidation," "false imprisonment," and violation of unspecified civil rights. For relief, he seeks damages and states that "I still have a charge [] I want expunged ..." (Doc. # 1 at 3-8; # 1-1 at 3-5).

At the outset, the Court harbors considerable doubt whether Bearden is asserting claims in this matter in a knowing and volitional manner. While it appears that she has signed the complaints, Houchin states that she is autistic. Further, it is apparent that Houchin drafted the entirety of both complaints, and the claims asserted therein are focused almost entirely upon his own allegations and claims. Houchin may not, as it appears he is attempting to do, assert claims on Bearden's behalf. *Cf. Sykes v. United*

2

*States*, 507 F. App'x 455, 459–60 (6th Cir. 2012) (noting that 28 U.S.C. § 1654 prevents a *pro se* plaintiff in federal court from representing any interests other than his own); *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) ("The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent."). These concerns about non-lawyer representation are directly implicated here because the Court will dismiss both complaints, without prejudice, upon initial screening in light of numerous pleading and procedural defects.

First, the claims against Officer Hannah, the Ashland Police Department, and the Boyd County Detention Center must be dismissed for failure to state a claim. Houchin makes no allegations at all against Officer Hannah, requiring dismissal. Civil Rule 8(a)(2) requires a complaint to advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And while "the federal pleading standard is quite liberal ... there is still a standard to meet." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 653 (6th Cir. 2021). *See also Sampson v. Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019) ("Even a pro se prisoner must link his allegations to material facts...and indicate what each defendant did to violate his rights..."). Further, neither the Ashland Police Department nor the Boyd County Detention Center are legal entities that are capable of being sued. *Cf. Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The claims against these three defendants will therefore be dismissed.

The complaints also fail to state a claim against Officer Williams. Both Houchin and Bearden were arrested on the date in question and charged with second degree

disorderly conduct. The citation for Houchin alleged that he refused to identify himself, then threatened the officer, and then began screaming and swearing loudly. The citation for Bearden indicated that she then screamed and loudly swore "F**k you take me too" at the officers. Both were taken into custody and transported to the Boyd County Detention Center. Bearden was released from custody the next day, and the charges against her dismissed without prejudice shortly thereafter. Houchin pleaded guilty to the charges, and was sentenced essentially to time served, ten days of community service and two years of probation. The state court has recently set a show cause hearing in Houchin's case for December 22, 2023, assertedly because he failed to appear for the community work program to which he was assigned. *See Commonwealth v. Bearden*, No. 22-M-00899 (Boyd. Dist. Ct. 2022); *Commonwealth v. Houchin,* No. 22-M-00898 (Boyd. Dist. Ct. 2022).

With respect to the allegations about Bearden's arrest, the complaints say almost nothing. To state a valid unlawful arrest claim under § 1983, the complaint must allege that the police lacked probable cause for the detention. *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002). The complaints make no such allegation. Instead, they indicate that Bearden was crying and upset because Walmart would not accept the identification she offered. Such statements do not, directly or by implication, allege that the police lacked probable cause to arrest her for disorderly conduct for her behavior occurring after that point. The same could be said for Houchin, but his false arrest claim fails for a more direct reason: he pleaded guilty to the charges, rendering his false arrest claim premature. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that in order for a § 1983 plaintiff to recover damages for allegedly unconstitutional conviction or imprisonment, he

4

must first demonstrate that the conviction or sentence has been reversed or otherwise invalidated).  Houchin cannot predicate civil liability upon acts that resulted in an extant criminal conviction.

The plaintiffs do not clearly indicate whether their claims of "intimidation" and "discrimination" are based federal or state law.  To the extent they invoke a constitutional basis for their claims, the claims are subject to dismissal.  First, as a matter of pleading, these claims are merely labels, entirely unsupported by any factual allegations in the complaints which indicate that either "intimidation" or "discrimination" occurred.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that Civil Rule 12 "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").  Even with necessary factual allegations, a claim of "intimidation" unaccompanied by physical harm does not implicate the Constitution.  *Cf. Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.").

Finally, to the extent Houchin intended to assert any state claims in addition to federal claims, the Court will dismiss them without prejudice in light of its dismissal of the federal claims.  *See* 28 U.S.C. § 1367(c)(3); *Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021), *cert. denied*, 143 S. Ct. 88 (2022).

Accordingly, it is **ORDERED** as follows:

(1)     The Complaints filed by Leroy Alvin Houchin, II, and Tabitha Bearden (Doc. # 1; # 1-1) are **DISMISSED** without prejudice.

(2)     This matter is **STRICKEN** from the docket.

This _7th_ day of January, 2024.



Signed By:
*David L. Bunning*
United States District Judge

L:\DATA\ORDERS\PSO Orders\Houchin 0-23-121 Memorandum.docx